IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10058
Summary Calendar

_____

Gregory Warren Staats,

Petitioner/Appellant,

versus

Wayne Scott, Director,
Texas Department of Criminal Justice,
Institutional Division

Respondent/Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:94-CV-126-Y)
_____

(July 14, 1995)

Before JOHNSON, GARWOOD and SMITH, Circuit Judges.[*]

PER CURIAM:

State prisoner filed habeas corpus action pursuant to 28 U.S.C. § 2254 alleging that the improper admission of certain testimony at his trial for aggravated sexual assault violated his right to due process. The district court denied relief and we AFFIRM.

I.   FACTS AND PROCEDURAL HISTORY

A Texas jury found Gregory Warren Staats guilty of the

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

aggravated sexual assault of Betty Smith[1] and the trial court assessed punishment at forty years of imprisonment. In affirming this conviction, the state appellate court addressed the admission of challenged testimony by Teresa Adair, an emergency room nurse. Adair testified, without objection from defense counsel, that Smith, who was with Adair for an extended period of time in the emergency room just following the event, was crying, fidgeting and agitated. Further, Adair testified, without objection, that Smith's hair was messed up, that there was foreign matter on her, that her makeup was smeared and that she was a wreck. The state appellate court found no error in the admission of this testimony as to Smith's emotional and physical disarray.

The court did find error, however, when, over defense counsel's objection, Adair told the jury that she felt "that [Smith] had been violated in some way that she did not want to be. She was very upset about it and was in emotional disarray, and I felt like things had happened to her that were not what she wanted that particular night." This statement, the state appellate court reasoned, did not present Adair's observations but rather her opinion as to what had happened to Smith. Even though the state appellate court found that the district court erred in overruling defense counsel's objection as to this statement, the court found this error to be harmless due to the wealth of other competent testimony in the record on this issue.

---

[1] Betty smith was the victim's pseudonym.

As the Texas Court of Criminal Appeals refused his petition for discretionary review, Staats turned to the federal courts seeking habeas corpus relief.[2]  In his section 2254 petition, Staats contended that the admission of Adair's lay opinion testimony violated his right to due process.  The district court denied relief, however, and Staats timely appealed to this Court.

II.  DISCUSSION

A state court's erroneous evidentiary ruling is a ground for habeas corpus relief only if the error violated a specific constitutional right or deprived the defendant of due process by rendering the trial fundamentally unfair.  *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1128 (1995).  Thus, even the erroneous admission of prejudicial testimony does not justify habeas corpus relief unless it is material in the sense of a crucial, critical, highly significant factor in the context of the entire trial.  *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir.), *cert. denied*, 108 S.Ct. 132 (1987); *Skillhern v. Estelle*, 720 F.2d 839, 8512 (5th Cir. 1983), *cert. denied*, 105 S.Ct. 224 (1984).

In this case, Adair's challenged opinion testimony goes to the issue of whether Smith consented to have sex with Staats.  In light of the significant amount of other evidence in the record relevant to the issue of consent, the district court found that the challenged statement was not crucial, critical and highly significant.  We agree.

---

[2]  Staats did not apply for state habeas corpus relief.

This other evidence included the testimony of Charla Erskine, a motel manager, who testified that Smith ran into the motel lobby exclaiming that she had been raped and that a man was after her.  It further included the testimony of Officer Sutton that Smith's emotional state and physical appearance were consistent with Smith's report of rape to the police.  Dr. Daniel Naberhaus also testified, based on his physical examination of Smith and on her emotional state, that it was his conclusion that Smith had been raped.  Finally, the victim herself testified that she had not consented.

The testimony of all four of these witnesses was substantially similar to Adair's challenged statement.  Given this considerable duplicative evidence, we cannot conclude that, in the context of the trial as a whole, this statement was crucial, critical and highly significant.  *Thomas*, 812 F.2d at 230.  Thus, Staats claim must fail.

III. CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.